United States District Court
Middle District of Florida
Orlando Division

**GEORGE FONSECA TORRES,**

 *Plaintiff,*

v.                 No. 6:19-cv-1662-Orl-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

# Order

George Fonseca Torres brings this action under 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security denying his application for child's disability insurance benefits. Under review is a decision by the Administrative Law Judge ("ALJ") dated March 13, 2019. Tr. 13–31. Summaries of the law and the administrative record are in the ALJ's decision, Tr. 16–25, and the parties' briefs, Docs. 22, 23, and are not fully repeated here.

Torres has a high-school education and no past relevant work.[1] Tr. 187, 192. He applied for benefits on June 21, 2017, Tr. 84, claiming disability beginning on August 31, 2012, at age 17, from hepatitis, autoimmune disorder, cirrhosis, and depression, Tr. 85–86, 191.

After failing at the initial and reconsideration levels, Torres requested an administrative hearing before the ALJ. Tr. 180–82. The ALJ conducted a hearing at

---

[1]Torres worked after the alleged onset date, but his work had not risen to the level of substantial gainful activity. Tr. 18, 185-86.

which Torres, a medical expert, a psychological expert, and a vocational expert testified. Tr. 32–72.

The ALJ's decision concerns the period from August 31, 2012, to September 8, 2016. Tr. 18.

The ALJ found Torres had suffered from severe impairments of "chronic liver disease related to autoimmune hepatitis since 2010; chronic low platelet count requiring transfusions; status post partial removal of stomach; right kidney stone; gastrointestinal problems with nausea; and major depressive disorder." Tr. 18.

The ALJ found Torres had possessed the residual functional capacity to perform a modified range of sedentary work as defined in 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."). Tr. 20. The ALJ found Torres had had additional limitations:

> [Claimant is] limited to sitting 6 hours, and standing and/or walking 2 hours in a 8 hour workday; occasional climbing of stairs or ramps; can never climb ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, or crawling; and must avoid all exposure to unprotected heights and moving mechanical parts. The claimant can perform simple routine competitive, low-stress repetitive tasks on a sustained basis over a normal 8 hour workday, in a stable work environment, with no more than simple decision-making required; occasional interaction with coworkers, supervisors, or the general public; he is unable to perform complex or detailed, [sic] tasks, or to meet fast-paced high production demands; no jobs working with machinery that is inherently dangerous, but he does have sufficient concentration for routine, repetitive low stress tasks.

Tr. 20.

The ALJ found Torres could have performed jobs that exist in significant numbers in the national economy such as food and beverage order clerk, final assembler of optical goods, and telephone survey worker. Tr. 24–25, 69–70. The ALJ therefore found no disability from August 31, 2012, to September 8, 2016. Tr. 25.

This case followed.

In finding no disability, the ALJ found that the limitations in an opinion by Torres's treating gastroenterologist, Ian Steele, M.D., were too restrictive. Tr. 23. Torres argues this was error. Doc. 22 at 14–20.

A court's review of an ALJ's decision is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoted authority omitted). The "threshold for such evidentiary sufficiency is not high." *Id.*

In 2017, the Social Security Administration ("SSA") revised its medical evidence rules. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). The revisions include redefining terms related to evidence; revising how the agency considers medical opinions and prior administrative medical findings; and revising rules about treating sources, acceptable medical sources, and medical and psychological consultants. *Id.* The final rules became effective on March 27, 2017. *Id.*

Under the revised rules, the SSA no longer uses the term "treating source" and will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the SSA will evaluate the persuasiveness of a medical opinion from a medical source

3

considering, as appropriate, "(1) supportability; (2) consistency; (3) relationship with the claimant, which includes (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors." *Id.* § 404.1520c(a) & (c)(1)–(5).

Under the revised rules, supportability and consistency "are the most important factors" in determining the persuasiveness of a medical source's medical opinion or prior administrative findings. *Id.* § 404.1520c(b)(2). Because they are the most important factors, the SSA will explain in the decision "how [it] considered the supportability and consistency factors for a medical source's medical opinions." *Id.* § 404.1520c(b)(2). The SSA may, but is not required to, explain in the decision how it considered the other factors unless it finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* § 404.1520c(b)(2), (3). The SSA need not articulate in the decision how it considered evidence from a nonmedical source. *Id.* § 404.1520c(d).

The revised rules provide that, for supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). For consistency, the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

Dr. Steele's opinion is in a medical questionnaire dated October 25, 2018, Tr. 1388–91, which assessed Torres's ability to do day-to-day work-related activities in a regular work setting, Tr. 1388. Dr. Steele opined Torres has the following limitations and they were "first present" in "2015 at [the] latest":

4

- Torres can lift or carry only five to ten pounds frequently due to ascites and muscle wasting. Tr. 1388.

- Torres can stand or walk for less than an hour in an eight-hour workday due to poor balance and slow gait at times. Tr. 1388.

- Torres can sit for one to two hours in an eight-hour workday due to poor mentation and concentration. Tr. 1389.

- Torres can never climb, crawl, or balance and can only occasionally stoop, crouch, or kneel due to generalized weakness, muscle atrophy, and poor balance. Tr. 1389.

- Torres's reaching, handling, feeling, pushing, and pulling are affected by his impairments due to poor strength, loss of fine motor skills, and generalized weakness reflected during a physical exam. Tr. 1389.

- Torres's other work-related activities may be affected by severe fatigue, loss of concentration, and impaired mentation. Tr. 1389.

- Torres's impairments would cause more than four days of work absences a month. Tr. 1390.

- Torres experiences generalized abdominal pain more than four hours a day that is aggravated by eating and moving. Tr. 1390.

- Torres needs a liver transplant and was diagnosed with GERD, hepatic disease, portal hypertension, gastropathy, and ascites. He has experienced repeated manifestations of an immune disorder, autoimmune hepatitis, with severe fatigue and malaise. Tr. 1390.

- Torres has extreme limitations in activities of daily living, maintaining social function, and completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. Tr. 1391.

- Torres experiences severe fatigue and continual feelings of illness or discomfort, malaise, loss of motor skills, pain, weakness, and decreased mental ability. Tr. 1391.

- Torres cannot drive or operate machinery. Tr. 1391.

Torres argues the ALJ erred in rejecting Dr. Steele's opinion. Doc. 22. He concedes the revised rules apply, Doc. 22 at 18, and does not challenge their legality, *see generally* Doc. 22.

Torres shows no error concerning the ALJ's treatment of Dr. Steele's opinion. The ALJ considered the medical opinions and prior administrative medical findings in accordance with the revised rules. Tr. 20–24.

In evaluating the persuasiveness of Dr. Steele's opinion, the ALJ considered the two most important factors—consistency and supportability—explaining that although the opinion is from a treating source, it is inconsistent with, and not supported by, the medical evidence and is "far more restrictive" than Torres's own testimony and activities suggest. Tr. 23.[2]

The first reason—Dr. Steele's opinion is inconsistent with the relevant medical evidence—is explained in the decision and supported by substantial evidence.

The ALJ relied on the opinion of Kweli Amusa, M.D., a board-certified internist, Tr. 22, 23, who testified at the administrative hearing that Torres's chronic liver disease is controlled with medication, Tr. 42; *see* Tr. 1360. Dr. Amusa observed that Torres had been hospitalized for ascites in March 2018, Tr. 42; *see* Tr. 1278–79, and hospitalized the following month for a kidney stone, Tr. 42; *see* Tr. 1287–88, and his varices were banded with no bleeding, Tr. 42; *see* Tr. 1292, but recent treatment notes show his ascites was resolved and his varices status post banding would be monitored, Tr. 42; *see* Tr. 1360–63. Consistent with the RFC, Dr. Amusa opined that Torres can lift ten pounds occasionally and lesser weights frequently; stand or walk or both for two hours and sit for six hours in an eight-hour workday; cannot climb

---

[2]In discussing Dr. Steele's opinion, the ALJ typed "into consistent" instead of "inconsistent." Tr. 23. The ALJ's reasoning makes clear "into consistent" is a typographical error. Torres agrees the ALJ found Dr. Steele's opinion inconsistent with the record evidence. Doc. 22 at 16.

6

ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; and must avoid unprotected heights and dangerous machinery. Tr. 44; *see* Tr. 20. Dr. Amusa explained why her opinion differs from Dr. Steele's. Tr. 45–48. Dr. Steele's opinion references ascites, *see* Tr. 1388, but that condition resolved with treatment, Tr. 45–46. Dr. Steele references balance problems, *see* Tr. 1388, 1389, but the record does not show Torres needs an assistive device or frequently falls, and he had a consistently normal gait, Tr. 46; *see* Tr. 372, 378, 441, 697, 967, 1171, 1178, 1308, 1315, 1328, 1358, 1362. Dr. Steele opined Torres could stand for less than an hour, *see* Tr. 1388, but the record shows no marked weakness or muscle wasting, Tr. 46; *see* Tr. 440, 760, 1100, 1171, 1178, 1219, 1265, 1307, 1314, 1327. The ALJ observed that Dr. Amusa is a board-certified internist, Tr. 710–13, and that her opinions are consistent with the record and supported by citations to relevant medical evidence in the record, Tr. 23, 41–48; *see* 20 C.F.R. § 404.1520c(c)(2) (the more consistent a medical opinion is with other medical sources, the more persuasive the medical opinion will be).

The ALJ relied on the opinion of Stephen Hirschhorn, M.D., a state-agency medical consultant, who also provided an opinion inconsistent with Dr. Steele's. Tr. 22–23; *see* Tr. 96–110. Dr. Hirschhorn opined Torres can perform light work with postural limitations. Tr. 108–09. The ALJ considered Dr. Hirschhorn's specialized knowledge of the social security disability program, *see* 20 C.F.R. § 404.1520c(c)(5) (an understanding of disability program policies and evidentiary requirements may support a medical opinion), and that his opinions are more detailed and consistent with the medical evidence of record, *see id.* § 404.1520c(c)(2) (the more consistent a medical opinion is with other medical sources, the more persuasive the medical opinion will be). Tr. 23; *see* Tr. 41–53; *see also* Social Security Ruling 17-2p, 2017 WL 3928306, at \*3 (Mar. 27, 2017) (state-agency medical consultants "are highly qualified medical sources who are also experts in the evaluation of medical issues in disability claims under the Act").

7

The ALJ relied on the opinion of Torres's psychiatrist, Lilia Nikolayev, M.D., who completed a medical source questionnaire in which she opined Torres has no limitation in understanding, remembering, and carrying out simple instructions; mild limitations in remembering locations, making judgments, keeping a schedule, and working with others; mild limitations in social interaction; and mild limitations in his ability to respond appropriately to usual work situations and changes in a work setting. Tr. 23; *see* Tr. 1392–95.

The ALJ relied on the opinion of Joseph Carver, Ph.D., a clinical psychologist, who testified that Torres possesses concentration for routine, repetitive, low-stress employment. Tr. 19, 22; *see* Tr. 52.

The ALJ considered that Dr. Steele's opinion is inconsistent with, and more restrictive than, Torres's own activities of daily living. Tr. 23; *see* 20 C.F.R. §§ 1520c(c)(2), 1513(a)(4) (the agency considers consistency between medical opinions and non-medical source evidence, which includes information from the claimant). The ALJ explained Torres reported he can manage his personal care unassisted and without problems and occasionally cleans his own room, while lacking energy and interest in his personal care to some degree. Tr. 21; *see* Tr. 213–14, 245–46; *see also* Tr. 472, 912, 935, 959 (Torres's December 2016 report he felt he was "managing okay"); Tr. 242–43 (Torres's January 2018 report of no limitations relating to cooking, house cleaning, laundry, driving, social activities, hobbies, and home maintenance.).

The second reason—Dr. Steele's opinion is unsupported by the relevant medical evidence—is explained in the decision and supported by substantial evidence.

Although Dr. Steele states his opinion is supported by physical examination findings, Tr. 1389, 1390, his treatment notes do not support such severe restrictions. Torres generally had normal examination findings, including a non-tender and non-distended abdomen despite ascites history, *see* Tr. 559, 572, 576, 606, 612–13, 615,

8

622–23; was doing well on treatment, continuing on Imuran monotherapy, and had stable to normal liver function tests, *see* Tr. 303, 310, 451, 589, 605–06, 688–89, 1299; and had some bloating and loss of appetite but not daily, and his weight was stable, *see* Tr. 605, 622, 680, 688.

Torres argues the ALJ's failure to assign weight to Dr. Steele's opinion and giving "significant probative weight" to Dr. Amusa's opinion is error, citing precedent based on the previous version of the rules. Doc. 22 at 15–16, 19. Under the revised rules, an ALJ need not assign specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a). "[N]ew regulations at variance with prior judicial precedents are upheld unless they exceed the Secretary's authority or are arbitrary and capricious." *Satellite Broad. and Commc'ns Ass'n of America v. Oman*, 17 F.3d 344, 348 n.8 (11th Cir. 1994) (cleaned up). Torres does not argue the revised rules suffer either flaw. The ALJ did not have to assign weight to any opinion under the revised rules.

Torres complains the ALJ cited no medical evidence he found inconsistent with Dr. Steele's opinion. Doc. 22 at 16–17. Rather than summarizing the medical records themselves, the ALJ summarized the other doctors' opinions based on the medical records. *See* Tr. 22–24. Because those opinions are substantial evidence to support the ALJ's findings concerning Dr. Steele's opinion, the ALJ did not err in failing to provide further explanation.

Torres argues the ALJ failed to consider other factors, including the length of the treatment relationship and Dr. Steele's specialization. Doc. 22 at 18–19; *see* 20 C.F.R. § 404.1520c(3), (4). The ALJ did observe that Dr. Steele's opinion is "from a treating source." Tr. 23. Though the ALJ had to consider those factors, he did not err by failing to explicitly address them in his decision. *See* 20 C.F.R. § 404.1520c(b)(2) (SSA not required to explain how it considered factors other than supportability and consistency).

Torres observes that courts, including the Eleventh Circuit, have stated that a claimant's ability to do some activities of daily living does not mean the claimant can work full time. Doc. 22 at 17–18 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), *Foote v. Charter*, 67 F.3d 1553, 1561 (11th Cir. 1995), and *Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998)). Torres's observation is correct but does not help him here. The ALJ relied not only on his activities of daily living but also on the opinions of other doctors to find that the limitations in Dr. Steele's opinion were too restrictive, *see* Tr. 21–24, and those opinions alone amount to substantial evidence.

Remand to reconsider Dr. Steele's opinion is not warranted. The Court **affirms** the Commissioner's decision and **directs** the clerk to enter judgment for the Commissioner and against George Fonseca Torres and **close** the file.

**Ordered** in Jacksonville, Florida, on September 30, 2020.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Counsel of record